
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2020
```

# MEMORANDUM ENDORSED

March 2, 2020

**BY ECF**

Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   Noxell Corporation v. Next Step Group Inc. et al, Case 1:19-cv-11460-GHW
             Request for Adjournment of Initial Case Management Conference

Dear Judge Woods:

    We represent Plaintiff Noxell Corporation in the above-referenced action. I am writing to request an adjournment of the case management conference currently scheduled for March 18, 2020 at 04:00 PM [ECF Doc. No. 18] for sixty (60) days to allow the parties to continue productive settlement discussions and to allow issue to be joined prior to the conference. Robert Rosen, Esq., counsel for defendants Next Step Group, Inc. ("Next Step"), GMA Accessories, Inc., d/b/a Cover Girl Active and Capelli New York, Saramax Apparel Group, Inc., Harmon Group, LLC, and Earthbound LLC ("Earthbound"), joins in this request. To date, the sole remaining named defendant Renaissance Jewelry New York, Inc. d/b/a Verigold Jewelry ("Renaissance") has not responded to my communications concerning this case.

    No prior request for this relief has been made, and a Civil Case Management Plan and Scheduling Order has not yet been entered in this case.

    The background for the request is as follows. This is a trademark infringement and unfair competition action involving the COVER GIRL, COVERGIRL and CG marks (the "COVERGIRL Marks") that identify Plaintiff's COVERGIRL beauty brand. Plaintiff alleges that Next Step, aided by its licensing agent defendant Earthbound, is offering and entering into license agreements for the COVER GIRL mark for apparel, fashion accessories, fitness equipment, jewelry and other products, and that they and their licensees (including the other named Defendants) are sowing consumer confusion and taking a free ride on the reputation and goodwill of Plaintiff's famous COVERGIRL Marks. Next Step contends that it owns the COVER GIRL trademark with respect to certain categories of goods including apparel, fashion accessories and jewelry.

On December 13, 2019, with a follow up on January 13, 2020, I sent each of the defendants a courtesy copy of the complaint in an effort to explore whether the parties could resolve this dispute amicably. Martin Schiffmiller, a lawyer representing Defendant Next Step in related proceedings before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office responded to that letter, expressing interest in doing so, but advised me that Next Step was in the process of coordinating with other defendants and retaining litigation counsel. On January 15, Mr. Schiffmiller introduced me telephonically to Robert Rosen, the litigation counsel Next Step was in the process of retaining. I sought clarification as to when Mr. Rosen expected to be retained, and which of the other defendants he would represent, but he did not know for certain at that time. Mr. Rosen confirmed on February 26 that he now represents all of the named defendants except for Renaissance.

Since January 15, I have corresponded and participated in several telephone calls with Messrs. Schiffmiller and Rosen exploring possible settlement. These calls have been productive, and we would like to give our clients the opportunity to participate in a settlement meeting in early March to explore a business resolution of this dispute.

Further, issue has not been joined in this case because we have not yet served all of the Defendants with the summons and complaint, although it is our intent to do so by March 12, 2020. In the course of our several telephone calls, Mr. Rosen advised me that he would accept service on behalf of his clients prior to the March 12, 2020 deadline pursuant to Fed.R.Civ.P. Rule 4(d). I agreed to this proposal provided that the parties continued to be engaged in meaningful settlement negotiations. Mr. Rosen also agreed to provide me with the names of Next Step's current licensees so, if necessary, I can file and serve an amended complaint promptly.

In order to permit the parties to continue productive settlement discussions, to enable Plaintiff to serve an amended complaint, if necessary, and to give Defendants an opportunity to respond to the complaint before the conference, we respectfully request that the Court adjourn the Initial Case Management Conference currently scheduled for March 18, 2020 for at least sixty (60) days and reschedule it for the next available date on the Court's calendar.

Thank you for your attention to this matter.

Respectfully submitted,

*Lisa Pearson*

Lisa Pearson

cc: Robert B. Rosen, Esq.
Hellring Lindeman Goldstein & Siegal LLP
One Gateway Center
Newark, NJ 07102-5323
rbrosen@hlgslaw.com
(By Email)

Martin W. Schiffmiller
Kirschstein, Israel, Schiffmiller & Pieroni, PC
425 Fifth Avenue - Fifth Floor
Suite 501
New York, NY 10016-2223
mws@kirschsteinlaw.com
(By Email)

Sumit Shah, CEO
Renaissance Jewelry New York, Inc.
d/b/a Verigold Jewelry
3 East 54th Street, Suite 603
New York, NY 10022
(By Overnight Mail)

Application granted. The initial pretrial conference scheduled for March 18, 2020 is adjourned to May 21, 2020 at 4:30 p.m. The joint status letter and proposed case management plan described in the Court's December 17, 2019 order, Dkt. No. 18. are due no later than May 14, 2020.

Plaintiff is directed to serve a copy of this order on Defendants and to retain proof of service.

SO ORDERED.

Dated: March 3, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge

16604649V.1