USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOXELL CORPORATION,

Plaintiff,

vs.

NEXT STEP GROUP INC., GMA
ACCESSORIES, INC. d/b/a COVER GIRL
ACTIVE and CAPELLI NEW YORK,
SARAMAX APPAREL GROUP, INC.,
HARMON GROUP, LLC, and
EARTHBOUND LLC,

Defendants.

---

Civil Action No. 19-Civ. 11460 (GHW)

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

---

GREGORY H. WOODS, District Judge

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

a.    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, and non-public license and licensing agent agreements);

b.    previously non-disclosed material relating to ownership or control of any non-public company;

c.    previously non-disclosed business plans, product-development information, or marketing plans;

d.    any information of a personal or intimate nature regarding any individual; or

e.    any other category of information given confidential status by this Court after the date of this Order.

As used throughout this Stipulated Confidentiality Agreement and Protective Order, the operative date for determining whether information was "previously non-disclosed" shall be the filing of the Complaint in this Action.  Information produced by any party to any other party after the date of the commencement of this action but prior to the date of this Stipulated Confidentiality Agreement and Confidentiality Agreement shall remain governed by the terms of that certain Non-Disclosure and Confidentiality Agreement dated as of March 25, 2020, annexed hereto and incorporated herein by reference (hereinafter the "NDCA").

2

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

3

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

a.      the Parties to this action, their insurers, and counsel to their insurers;

b.      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c.      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d.      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g.      any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

4

        h.     stenographers engaged to transcribe depositions the Parties conduct in this action; and

        i.     this Court, including any appellate court, its support personnel, and court reporters.

      8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

      9.     This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

      10.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court,

and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of

the Confidential Court Submission.  In accordance with Rule 4(A) of this Court's Individual

Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material

under seal must file an application and supporting declaration justifying -- on a particularized

basis—the sealing of such documents. The parties should be aware that the Court will unseal

documents if it is unable to make "specific, on the record findings . . . demonstrating that closure

is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

    11.  Any Party who objects to any designation of confidentiality whether under

this Stipulated Confidentiality Agreement and Protective Order or the previously entered NDCA

may at any time before the trial of this action serve upon counsel for the Producing Party a

written notice stating with particularity the grounds of the objection. If the Parties cannot reach

agreement promptly, counsel for all affected Parties will address their dispute to this Court in

accordance with paragraph 2(C) of this Court's Individual Practices.

    12.  Any Party who requests additional limits on disclosure (such as

"attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this

action serve upon counsel for the recipient Parties a written notice stating with particularity the

grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected

Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's

Individual Rules of Practice in Civil Cases.

    13.  Recipients of Confidential Discovery Material under this Order may use

such material solely for the prosecution and defense of this action and any appeals thereto, and

not for any other purpose or in any other litigation proceeding. Nothing contained in this Order,

however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     Within 60 days of the final disposition of this action -- including all appeals -- all recipients of Confidential Discovery Material must either return it -- including all copies thereof -- to the Producing Party, or, upon permission of the Producing Party, destroy such material -- including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery

Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

    17.    This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

    18.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

    19.    All provisions of the NDCA shall remain in full force and effect except as expressly modified hereby.

             SO STIPULATED AND AGREED

KILPATRICK TOWNSEND &                HELLRING LINDEMAN GOLDSTEIN &
STOCKTON LLP                         SIEGAL LLP


By:   s/ Lisa Pearson                By:   s/ Robert B. Rosen
      LISA PEARSON                         ROBERT B. ROSEN

      Attorneys for Plaintiff Noxell Corp.    Attorneys for Defendants Next Step Group Inc.,
      1114 Avenue of the Americas             GMA Accessories, Inc., Saramax Apparel
      New York, NY 10036                      Group, Inc., Harmon Group, LLC and
      212-775-8725                            Earthbound LLC
                                              One Gateway Center
                                              Newark, NJ 07102
                                              973-621-9020


Dated: June 22, 2020                 Dated: June 22, 2020


             SO ORDERED.

Dated: June 30, 2020
                                     _____
                                     GREGORY H. WOODS
                                     United States District Judge


8

Exhibit A
to Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOXELL CORPORATION,<br><br>                              Plaintiff,<br><br>          vs.<br><br>NEXT STEP GROUP INC., GMA<br>ACCESSORIES, INC. d/b/a COVER GIRL<br>ACTIVE and CAPELLI NEW YORK,<br>SARAMAX APPAREL GROUP, INC.,<br>HARMON GROUP, LLC, and<br>EARTHBOUND LLC,<br><br>                              Defendants. | Civil Action No. 19-Civ. 11460 (GHW)<br><br><br><br><br><br>NON-DISCLOSURE AGREEMENT |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date:

272965

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

THIS NONDISCLOSURE AND CONFIDENTIALITY AGREEMENT (the
"Agreement") is made as of March 25, 2020 by and between, on the one hand, Next Step Group,
Inc. ("Next Step"), and, on the other hand, Noxell Corporation ("Noxell") and Coty Inc. ("Coty")
(collectively, Next Step, Noxell and Coty shall be referred to as the "Parties").

## Background and Purpose

      Noxell has filed a trademark infringement and unfair competition lawsuit styled *Noxell,
Inc., Plaintiff v. Next Step Group, Inc., GMA Accessories, Inc., d/b/a Cover Girl Active, Capelli
New York, Saramax Apparel Group, Inc., Harmon Group, LLC, Renaissance Jewelry New York,
Inc. d/b/a Verigold Jewelry, and Earthbound LLC, Defendants,* pending in the United States
District Court for the Southern District of New York, Civil Action Number 1:19-cv-11460-GHW
(the "Lawsuit").

      Next Step, for itself and its licensees and licensing agents, and Noxell wish to explore an
amicable business resolution of the claims asserted in the Lawsuit and related claims, including
the possibility of entering into a commercial transaction or on-going business relationship (the
"Business Resolution"). In order to explore the potential Business Resolution, the Parties may
disclose Confidential Information (as defined below) to one another.

      This Agreement is intended to allow the Parties to discuss and evaluate the Business
Resolution while protecting the Party disclosing Confidential Information (the "Disclosing
Party") against unauthorized use or disclosure by any Party receiving it under this Agreement
(the "Recipient").

    1.    **Definition of Confidential Information**

        (a)    "Confidential Information" means any non-public information in any form
including, but not limited to, information which constitutes or relates to intellectual property,
research, product plans, products, processes, designs, drawings, markets and potential markets,

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

advertising and marketing materials, regulatory and quality assurance information, business plans, agreements, licenses, services, customers, clients, marketing strategy, operational or financial information (including, without limitation, sales and revenue information and royalties paid or to be paid), and any other plans or projections of the Disclosing Party (including information from such Disclosing Party's licensees and agents or representatives), which Confidential Information is designated in writing by the Disclosing Party to be confidential or proprietary, or if given orally, is confirmed in writing as having been disclosed as confidential or proprietary within a reasonable time (not to exceed ten (10) business days) after the oral disclosure, or which information would, under the circumstances, appear to a reasonable person to be confidential or proprietary.

(b)     If at any time a Disclosing Party realizes that it should have designated as confidential any item or portion of an item previously disclosed without such designation, the Disclosing Party may so designate such material or information by notifying all parties in writing.  Thereafter, parties shall treat the additional designated information as Confidential Information.

2.    <u>Limitations on Use; Nondisclosure of Confidential Information</u>

(a)     Except as expressly authorized in writing by a Disclosing Party, the Recipient agrees not to use any Confidential Information disclosed to it by the Disclosing Party for its own use or for any purpose other than to carry out discussions concerning, and the undertaking of, the Business Resolution.  Without limitation, Recipient agrees that it will not use any Confidential Information for purposes of the Lawsuit or any other litigation, without prejudice to Recipient's right to seek the same information through discovery in the Lawsuit or

DocuSign Envelope ID: B1147108-AFE3-4C76-9335-BAC20244F28D

other litigation, subject to any appropriate confidentiality order as shall be entered in the Lawsuit or other litigation.

(b)    In the course of exploring a Business Resolution, a Disclosing Party may disclose information concerning the identity of its licensees, suppliers, licensing agents, or customers (each a "Business Partner" and collectively "Business Partners") that was not (i) previously known to the Recipient or (ii) obtained by the Recipient without breaching its obligations hereunder through independent sources. Until such time as the identity of the Disclosing Party's Business Partner has been disclosed in discovery in the Lawsuit or obtained by the Recipient without breaching its obligations hereunder through independent sources, the Recipient shall not knowingly contact any Business Partner concerning the subject matter of this dispute other than through the Disclosing Party's counsel or, if the Business Partner has separate counsel, through the Business Partner's counsel. A Recipient may also contact a Business Partner with the Disclosing Party's advance written consent. For purposes of the foregoing sentence, Next Step acknowledges and agrees that Noxell may add one or more of Next Step's Business Partners as Defendants in this Action, and may thereafter communicate with such additional Defendants, either directly if it does not know that they have retained litigation counsel or through retained litigation counsel.

(c)    The Recipient shall not disclose or permit disclosure of any Confidential Information of the Disclosing Party to third parties or to employees of Recipient other than directors, officers, employees, and attorneys for a Party in the Litigation (as well as any consultants, other attorneys, accountants and agents pre-approved by the Disclosing Party, of Recipient or their parents or subsidiaries) who are required to have the information in order to carry out the discussions regarding the Business Resolution, and who (unless attorneys for a

3

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

Party in the Litigation or in the direct employ of the Recipient) shall agree to be bound by the terms of this Agreement (collectively, the "Representatives").

(d)     The Recipient further agrees that it shall take all reasonable measures to protect the confidentiality and secrecy, and avoid disclosure or use, of Confidential Information of the Disclosing Party in order to prevent it from falling into the public domain or the possession of persons other than the Representatives authorized under this Agreement to have any such information.  Such measures shall include, but not be limited to, the degree of care that the Recipient utilizes to protect its own Confidential Information of a similar nature, which shall be no less than reasonable care.

(e)     In addition, absent the prior written consent of the Disclosing Party, the Recipient agrees that neither it nor its Representatives will disclose to any other person the terms of this Agreement or the fact that the Confidential Information has been made available to such party, or any terms, conditions or other facts concerning any proposed Business Resolution, *provided, however,* that the Recipients and the Representatives may provide courts and other tribunals with updates concerning the general status of their settlement discussions, that does not otherwise disclose the content of Confidential Information.

(f)     If informed by a Disclosing Party that the Confidential Information is subject to restrictions imposed by the United States federal securities laws and other applicable foreign and domestic laws on a person possessing material non-public information about a public Disclosing Party, the Recipient and its Representatives will comply with such laws, including without limitation, not buying, selling or trading any of the public Disclosing Party's securities while in possession of material non-public information.

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

(g)     The Recipient further agrees to notify the Disclosing Party within five (5) business day in writing of any actual or suspected misuse, misappropriation or unauthorized disclosure of the Disclosing Party's Confidential Information which may come to the Recipient's attention.

(h)     **Exceptions.** Recipient shall not have liability to the Disclosing Party with regard to any Confidential Information which the Recipient can prove:

(i)     was lawfully received without obligation of confidentiality at any time from a third party lawfully in possession of same and having the right to disclose same;

(ii)     is as of the effective date of this Agreement, in the public domain, or that subsequently enters the public domain through no fault of the Recipient;

(iii)     is independently developed by the Recipient without reference to or benefit of information disclosed to the Recipient by the Disclosing Party as demonstrated by written evidence;

(iv)     is publicly disclosed pursuant to the prior, written approval of the Disclosing Party; or

(v)     is required to be disclosed pursuant to the order or requirement of a court, administrative agency, or other governmental body; *provided, however*, that the Recipient shall provide prompt notice of such court order or requirement to the Disclosing Party sufficient to enable the Disclosing Party to seek a protective order or otherwise prevent such disclosure and said Recipient shall give reasonable assistance, if requested, in the Disclosing Party's efforts to prevent such disclosure.

**Provided however,** notwithstanding these exceptions, if Recipient claims that information designated as Confidential Information falls within one or more of the foregoing exceptions, it

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

shall not use or disclose the information without first giving at least five (5) business days written notice to the Disclosing Party.

3.   **No Duplication; Return of Materials**.  The Recipient agrees, except as otherwise expressly authorized by the Disclosing Party, that neither Recipient nor Representatives shall make any copies or duplicates of any Confidential Information; **provided however** the persons designated on Attachment 1 hereto may make electronic or paper copies of Confidential Information for evaluative purposes which shall not be further disseminated.  Any materials or documents that have been furnished by the Disclosing Party to Recipient in connection with the Business Resolution shall be promptly returned by Recipient, accompanied by all paper copies of such documentation (and all electronic copies shall be permanently deleted and fully erased) within ten (10) business days after (a) the Business Resolution has been rejected or concluded or (b) the written request of the Disclosing Party.

4.   **No Rights Granted**.  Nothing in this Agreement or the disclosure of any information hereunder shall be construed as granting any rights under any patent, copyright or other intellectual property right of the Disclosing Party, nor shall this Agreement grant the Recipient any rights in or to the Disclosing Party's Confidential Information other than the limited right to review such Confidential Information solely for the purpose of determining whether to enter into the Business Resolution.  Recipient understands that nothing in this Agreement (a) requires the disclosure of any Confidential Information, which shall be disclosed, if at all, solely at the Disclosing Party's option, or (b) requires the Disclosing Party to proceed with the Business Resolution or any transaction in connection with which the Confidential Information may be disclosed.  Nothing herein, or the disclosure of any information hereunder, will be construed as a waiver of any privilege or protection held by the Disclosing Party.

6

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

5.      __Term__. The foregoing commitments of each of the Parties shall survive any termination of the negotiations of the Business Resolution and any Business Resolution between or among the parties, and shall continue for a period terminating on the later to occur of the date (a) five (5) years following the date of this Agreement or (b) five (5) years from the date on which Confidential Information is last disclosed under this Agreement, without prejudice to the right to pursue discovery of the same information in the Lawsuit or other appropriate proceeding *It is expressly understood however, that Confidential Information specifically designated as a trade secret shall be held in confidence for as long as such information remains a trade secret.*

6.   __Additional Parties__. Subject to the written consent of all existing Parties to this Agreement, other persons or entities (including licensees, agents or representatives of Parties) may become a party to this Agreement by executing a counterpart of this Agreement, all such counterparts constituting one Agreement. Upon such written consent and execution, the incoming person or entity shall be deemed a Party to this Agreement, shall have all rights and duties of a Party under this Agreement, and may disclose their own Confidential Information to Parties or receive Confidential Information from Parties on the terms and conditions of this Agreement.

7.      __Successors and Assigns__. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and assigns of the parties, provided that the Disclosing Party's Confidential Information may not be assigned without the prior written consent of the Disclosing Party. Nothing in this Agreement, express or implied, is intended to confer upon any party other than the parties hereto or their respective successors and

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F28D

assigns any rights, remedies, obligations, or liabilities under or by reason of this Agreement, except as expressly provided in this Agreement.

8.   <u>Severability</u>. If one or more provisions of this Agreement are held to be unenforceable under applicable law, the parties agree to renegotiate such provision in good faith. In the event that the parties cannot reach a mutually agreeable and enforceable replacement for such provision, then (a) such provision shall be excluded from this Agreement, (b) the balance of the Agreement shall be interpreted as if such provision were so excluded and (c) the balance of the Agreement shall be enforceable in accordance with its terms.

9.   <u>Governing Law</u>. This Agreement and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the State of New York, without giving effect to principles of conflicts of law.

10.   <u>Remedies; Indemnification</u>. The Disclosing Party and the Recipient each agree that the obligations of the Recipient set forth in this Agreement are necessary and reasonable in order to protect the Disclosing Party and its business. The Disclosing Party and Recipient each expressly agree that due to the unique nature of the Disclosing Party's Confidential Information, monetary damages would be inadequate to compensate the Disclosing Party for any breach by Recipient of its covenants and agreements set forth in this Agreement. Accordingly, the Disclosing Party and the Recipient each agree and acknowledge that any such violation or threatened violation shall cause irreparable injury to the Disclosing Party and that, in addition to any other remedies that may be available, in law, in equity or otherwise, the Disclosing Party shall be entitled (a) to obtain injunctive relief against the threatened breach of this Agreement or the continuation of any such breach by the Recipient, without the necessity of proving actual damages, and (b) to be indemnified by the Recipient from any loss or harm, including but not

limited to attorney's fees, arising out of or in connection with any breach or enforcement of the Recipient's obligations under this Agreement or the unauthorized use or disclosure of the Disclosing Party's Confidential Information.

      11.    **Amendment and Waiver**. Any term of this Agreement may be amended only with the written consent of the Disclosing Party and the Recipient. Any amendment or waiver effected in accordance with this Section shall be binding upon the parties and their respective successors and assigns. Failure to enforce any provision of this Agreement by a party shall not constitute a waiver of any term hereof by such party.

      12.    **Counterparts/Electronic Signature**. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument. Electronic signatures by an authorized representative of a party shall constitute the signature of a party.

      13.    **Entire Agreement**. This Agreement is the product of the Parties hereto, and constitutes the entire agreement between such parties pertaining to the subject matter hereof, and merges all prior negotiations and drafts of the parties with regard to the transactions contemplated herein. Any and all other written or oral agreements existing between the parties hereto regarding such transactions are expressly canceled.

      The parties have executed this Agreement as of the date first above written.

NEXT STEP GROUP, INC.

By: _____
Name:   SELIM DUSTLEY
Title:     VP

NOXELL CORPORATION

By: _____

9

DocuSign Envelope ID: B1147106-AFE3-4C76-9335-BAC20244F26D

*David Joyal*

Name:  David Joyal
Title:   Vice President

COTY INC.

By:    *Joseph Conklin*
Name:  Joseph Conklin
Title:   Assistant Secretary and
       Senior Vice President and Global
       Deputy General Counsel

10

267041